UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| RUBY HOOKER, ET AL | CIVIL ACTION NO. 16-cv-0229 |
| VERSUS | JUDGE JAMES |
| RICKY CAMPBELL, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is Plaintiffs' **Motion to Reconsider Order on Motion to Compel. Doc. 40**. For the following reasons, the motion is **denied**.

Defendant has filed two motions to compel in this case. The first motion (Doc. 28) stated that, despite receiving an extension of time to respond to written discovery, Plaintiffs failed to respond. Defendant stated in the motion that Plaintiffs' counsel did not respond to calls or emails regarding the past due responses. The court granted the motion to compel. Doc. 29. The court exercised its discretion to not award attorney's fees to Defendant.

Defendant's second motion to compel (Doc. 36) contained similar contentions. Defendant granted Plaintiffs an extension of time to respond, but Plaintiffs did not submit responses. Defendant stated that Plaintiffs' counsel also did not respond to calls or emails regarding the past due discovery responses. Because this was the second time the court had to order Plaintiffs to respond to discovery, the court's order (Doc. 38) granting the second motion to compel required Plaintiffs to pay $400 in attorney's fees to Defendant within 30 days of the order.

It was only after the court's order was issued that Plaintiffs asserted objections to the discovery at issue in the second motion to compel. In their Motion to Reconsider, Plaintiffs argue that the interrogatories were improper because they seek the work product and mental impressions of counsel.

Plaintiffs waived all objections to the interrogatories when Plaintiffs failed to submit timely written objections. Rule 33(b)(4). The court may excuse the failure for "good cause." Id. However, Plaintiffs make no attempt to show good cause for the court to excuse their waiver. While Plaintiffs state that no waiver should be found (Doc. 46, ¶ 2), Plaintiffs only state that the interrogatories were improper and Plaintiffs "should not be expected to respond."

Apparently, counsel for Plaintiffs has a fundamental misunderstanding of the discovery process under the Federal Rules of Civil Procedure. And this is not counsel for Plaintiffs first discovery dispute. She was among a group of attorneys who were warned previously that failure to object to discovery timely results in a waiver of those objections. Tillman v. Larpenter, 2016 WL 5115495 (E.D. La.).

As to Plaintiffs' untimely argument that Defendant's discovery calls for work product and mental impressions of counsel, the court disagrees. The interrogatories at issue are classic contention interrogatories. Rule 33(a)(2). If Plaintiffs contend (as they apparently do) that the 60 pages of minutes of police jury meetings and notices of meetings reveal a racially discriminatory intent, Plaintiffs can be required to point out which sections they contend show that intent.

Plaintiffs cannot file a federal law suit and then refuse to identify the facts on which the allegations rest. The alleged representations or misrepresentations in the minutes and notices that Plaintiffs believe show a racially discriminatory intent must be identified. San Diego United Port District v. National Union, 2017 WL 3877732 (S.D. Cal.). It is not sufficient to point to unspecified representations in a group of documents covering a wide variety of matters that came before the police jury.

Plaintiffs are directed to provide complete responses to Defendant's outstanding discovery within 14 days of the date of this order. The $400 previously ordered to be paid by Plaintiffs to Defendant to offset the attorney's fees in connection with this discovery dispute shall be paid, and proof of payment filed into the record, within 21 days of the date of this order.

Plaintiffs' counsel is admonished that her failure to respond to opposing counsel's request for past due discovery, including her failure to respond to emails or telephone calls about the late discovery, is unprofessional and will no longer be tolerated in this district.

Failure to comply with this order may result in dismissal of Plaintiffs' remaining claims with prejudice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of September, 2017.

Mark L. Hornsby
U.S. Magistrate Judge