# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **RUBY HOOKER, ET AL.** | **CIVIL ACTION NO. 16-0229** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **RICKY CAMPBELL, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

## RULING

Before the Court is an appeal of a magistrate judge order, styled as "Objections to Magistrate's Memorandum Opinion," [Doc. No. 53] filed by Plaintiffs Ruby Hooker and Alice Hooker. Defendant Franklin Parish Police Jury opposes Plaintiffs' appeal. [Doc. No. 55]. For reasons assigned below, the appeal is DENIED, and the Magistrate Judge's Order [Doc. No. 52] is AFFIRMED.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant filed two motions to compel. Defendant filed the first motion on March 3, 2017, alleging that Plaintiffs failed to respond to discovery, even after an extension of time. [Doc. No. 28]. Defendant added that its counsel called and emailed Plaintiffs' counsel prior to filing the motion, but counsel failed to respond. *Id.* On March 6, 2017, Magistrate Judge Hornsby granted the motion but declined to award attorneys' fees. [Doc. No. 29].

Defendant filed a second motion on August 18, 2017, seeking to compel Plaintiffs to respond to the following interrogatory, which is comprised of four subparts:

a) Please <u>*underline the exact part*</u> of each document you will rely on to establish any of the claims of your Complaint;

b) Please explain *how* underlined part [sic] of each document establishes the alleged

discrimination against you by the Franklin Parish Police Jury; or

c) If the underlined part of each document does not establish discrimination against you by the Franklin Parish Police Jury, please explain *how* the underlined part of each document otherwise establishes any fact alleged in your Complaint; and

d) Please return the underlined copies (with your explanation referenced immediately above) to undersigned counsel.

[Doc. Nos. 36; 36-4, p. 1-2]. Like before, Defendant alleged that, despite granting Plaintiffs an extension of time, Plaintiffs did not respond to the interrogatory, and their counsel did not respond to calls or emails. [Doc. No. 36].

On August 21, 2017, the Magistrate Judge granted the second motion and ordered Plaintiffs to respond to the interrogatory and to pay Defendant $400.00 in attorneys' fees. [Doc. No. 38]. The Magistrate Judge awarded attorneys' fees "[b]ecause this was the second time the court had to order Plaintiffs to respond to discovery . . . ." *Id.*

On August 29, 2017, Plaintiffs moved the Magistrate Judge to reconsider the August 21, 2017 Order, arguing that the interrogatory sought their counsel's work product and mental impressions. *Id.* [Doc. No. 40-2]. On September 29, 2017, the Magistrate Judge denied the motion and opined:

It was only after the court's order was issued that Plaintiffs asserted objections to the discovery at issue in the second motion to compel. . . .

Plaintiffs waived all objections to the interrogatories when Plaintiffs failed to submit timely written objections. Rule 33(b)(4). The court may excuse the failure for "good cause." Id. However, Plaintiffs make no attempt to show good cause for the court to excuse their waiver. While Plaintiffs state that no waiver should be found (Doc. 46, ¶ 2), Plaintiffs only state that the interrogatories were improper and Plaintiffs "should not be expected to respond."

Apparently, counsel for Plaintiffs has a fundamental misunderstanding of the discovery process under the Federal Rules of Civil Procedure. And this is not

> counsel for Plaintiffs first discovery dispute. She was among a group of attorneys who were warned previously that failure to object to discovery timely results in a waiver of those objections. Tillman v. Larpenter, 2016 WL 5115495 (E.D. La.).
>
> As to Plaintiffs' untimely argument that Defendant's discovery calls for work product and mental impressions of counsel, the court disagrees. The interrogatories at issue are classic contention interrogatories. Rule 33(a)(2). If Plaintiffs contend (as they apparently do) that the 60 pages of minutes of police jury meetings and notices of meetings reveal a racially discriminatory intent, Plaintiffs can be required to point out which sections they contend show that intent.
>
> Plaintiffs cannot file a federal law suit and then refuse to identify the facts on which the allegations rest. The alleged representations or misrepresentations in the minutes and notices that Plaintiffs believe show a racially discriminatory intent must be identified. San Diego United Port District v. National Union, 2017 WL 3877732 (S.D. Cal.). It is not sufficient to point to unspecified representations in a group of documents covering a wide variety of matters that came before the police jury.
>
> Plaintiffs are directed to provide complete responses to Defendant's outstanding discovery within 14 days of the date of this order. The $400 previously ordered to be paid by Plaintiffs to Defendant to offset the attorney's fees in connection with this discovery dispute shall be paid, and proof of payment filed into the record, within 21 days of the date of this order.
>
> Plaintiffs' counsel is admonished that her failure to respond to opposing counsel's request for past due discovery, including her failure to respond to emails or telephone calls about the late discovery, is unprofessional and will no longer be tolerated in this district.
>
> Failure to comply with this order may result in dismissal of Plaintiffs' remaining claims with prejudice.

[Doc. No. 52].

On October 16, 2017, Plaintiffs filed the instant appeal of the Magistrate Judge's September 29, 2017 Order. [Doc. No. 53]. Citing *Hickman v. Taylor*, 329 U.S. 495 (1947), Plaintiffs appeal the Magistrate Judge's finding that the interrogatory at issue does not improperly seek the work product and mental impressions of counsel. *Id.* at 2. Defendant filed an opposition on October 18, 2017. [Doc. No. 55]. Plaintiffs did not file a reply.

3

**II.      LAW AND ANALYSIS**

As the Magistrate Judge's Order is non-dispositive, it will not be overturned unless it is clearly erroneous. *See Cargo v. Kansas City Southern*, 2009 WL 541318 at *3 (W.D. La. March 4, 2009) (citing *PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421, n.11 (5th Cir. 1996)). Under the clearly erroneous standard, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Rubin v. Valicenti Advisory Svcs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007). Rather, the district court must affirm the decision unless, after reviewing "the entire evidence[,]" the court is left with the "definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Here, the Magistrate Judge's Order and accompanying reasoning are not clearly erroneous. The Magistrate Judge first found that Plaintiffs waived all objections to the interrogatories when they failed to submit timely written objections and that Plaintiffs made no attempt to show good cause to excuse the waiver. Plaintiffs do not address that finding in this appeal.

Even assuming, arguendo, that Plaintiffs did not waive all objections, their argument that Defendant's interrogatory improperly seeks the work product and mental impressions of counsel is unfounded. Plaintiffs maintain that the Magistrate Judge erred by disregarding *Hickman v. Taylor*, 329 U.S. 495 (1947). *Hickman*, however, was "codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). Under Rule Federal Rule of Civil Procedure 26(b)(3)(A) (emphasis added), a party may not, absent certain circumstances, "discover *documents and tangible things* that

4

are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Even if the "court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id.* § (b)(3)(B).

Here, Defendant did not propound requests for production of documents and tangible things, it propounded an interrogatory. In that regard, the Magistrate Judge did not err when he applied Federal Rule of Civil Procedure 33, rather than Rule 26.

Under Rule 33, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." FED. R. CIV. P. 33(a)(2). According to an advisory committee note to Rule 33, "[R]equests for opinions or contentions that call for the application of law to fact [] can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." FED. R. CIV. P. 33 advisory committee's note. "[I]nterrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case." *Id.*

In fact, an advisory committee note to Rule 26 provides: "Rules 33 . . . [has] been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions." FED. R. CIV. P. 26 advisory committee's note.

The interrogatory here seeks Plaintiffs' opinions or contentions relating to both fact and the application of law to fact. Specifically, it asks them to underline the facts they will rely on and to explain how they contend those facts establish discrimination under the law. The interrogatory does

5

not extend to issues unrelated to the facts of the case (i.e. issues of pure law).

Plaintiffs also argue that the Magistrate Judge's Order "fails to consider the consequences of allowing such interrogatories." [Doc. No. 53, p. 4]. They ask perfunctorily, and without answering their own question, "Suppose counsel tried to offer a portion of the minutes that she did not underline—is this objectionable?" *Id.* The Court declines to issue an advisory opinion on a hypothetical question, but the Court will refer Plaintiffs to the pertinent advisory committee notes to Rule 33:

> The principal question raised with respect to the cases permitting such interrogatories is whether they reintroduce undesirable aspects of the prior pleading practice, whereby parties were chained to misconceived contentions or theories, and ultimate determination on the merits was frustrated. . . . The general rule governing the use of answers to interrogatories is that under ordinary circumstances they do not limit proof. Although in exceptional circumstances reliance on an answer may cause such prejudice that the court will hold the answering party bound to his answer, the interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance. The rule does not affect the power of a court to permit withdrawal or amendment of answers to interrogatories.

FED. R. CIV. P. 33 advisory committee's note (citations omitted).

Plaintiffs also ask, tersely, "[U]nder the Magistrate Judge's ruling, can the requesting party direct Plaintiffs' counsel to comb through *all* of her documentary evidence and explain its significance?" [Doc. No. 53, p. 4]. Essentially, Plaintiffs ask the Court to find the interrogatory unduly broad or burdensome. The Magistrate Judge, though, ruled that they waived all objections. In that vein, and to reiterate, Plaintiffs make no effort to address the Magistrate Judge's finding of waiver.

III.     **CONCLUSION**

For the foregoing reasons, Plaintiffs appeal [Doc. No. 53] is DENIED, and the Magistrate

6

Judge's Order [Doc. No. 52] is AFFIRMED.

MONROE, LOUISIANA, this 2nd day of November, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE